UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 3:04-cr-60 (JCH) |
| | : | |
| JAMES HARRIS | : | MAY 13, 2009 |

**RULING RE: ELIGIBILITY FOR RESENTENCING (Doc. Nos. 702 and 765)**

On April 29, 2008, this court issued an Order to Show Cause why the defendant, James Harris, should be given a reduced sentence pursuant to the newly retroactive change in the crack-cocaine guidelines.  See Doc. No. 702.  The court noted that Harris had been found to be a career offender at sentencing, and that he therefore appeared ineligible to obtain a reduced sentence.  Id.  In response, Harris's attorney has filed a Response stating that he does not believe a non-frivolous argument may be made in support of reducing Harris's sentence.  See Doc. No. 765.

At sentencing,[1] the court determined that Harris was a career offender.  Without career offender status, Harris's offense level would have been 34, and his criminal history category IV.  Sentencing Tr. at 5-6.  As such, after accounting for acceptance of responsibility, Harris would have faced a guidelines range of 151-188 months' imprisonment.  Because he was a career offender, however, the sentencing guidelines increased his offense level to 37, with his criminal history increasing to VI.  Id. This meant that, after accounting for acceptance of responsibility, Harris faced a guidelines

---

[1] The court has reviewed the PSR, Statement of Reasons, and transcript in connection with the instant Ruling.

range of 262-327 months' imprisonment.

The government next made a motion for the court to downwardly depart from the sentencing guidelines, on the basis of the substantial assistance that Harris provided to the government.  Id. at 7.  The court granted this Motion and agreed to downwardly depart.  Id.  In light of that decision to depart from the career offender guidelines, and after weighing all of the factors under 18 U.S.C. § 3553(a), id. at 26-31, the court imposed a sentence of 90 months imprisonment.  Id. at 31.

In his Response to the Show Cause Order, Harris's attorney states that he does not believe that a non frivolous argument may be presented to support a reduction of Mr. Harris's sentence.  See Doc. No. 765.

Harris is only eligible for a retroactive sentence reduction if the crack-cocaine amendments "have the effect of lowering the defendant's applicable guideline range" within the meaning of U.S.S.G. § 1B1.10.  That statement provides that a court shall not reduce the defendant's term of imprisonment "to a term that is less than the minimum of the amended guideline range," Id. § 1B1.10(b)(2)(A), with the following exception:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2)(b).  At sentencing, Harris received a term of imprisonment that was less than the term applicable under the Guidelines.  His term of imprisonment

resulted from the court's departure below the guideline range pursuant to a § 5K1.1

Motion of the government based on the defendant's substantial assistance, and after

weighing all of the factors under 18 U.S.C. § 3553(a).  See Statement of Reasons, Tr.

at 7, 30-31.  In light of Harris's career offender status, and the fact that the court did not

base Harris's sentence on the crack-cocaine guidelines or consider those guidelines in

determining his sentence, his guidelines calculation was not affected by the retroactive

change in the crack-cocaine guidelines.  See United States v. Ogman, 535 F.3d 108,

111 (2d Cir. 2008) (holding that where sentence is pursuant to Guideline range that

results from status as a career offender, and without reliance upon the Guidelines' drug

quantity table, remand to district court for resentencing is not appropriate); cf. United

States v. McGee, 553 F.3d 225 (2d Cir. 2009) (holding that where a defendant

designated a career offender was granted a departure so that he was ultimately

sentenced based on the crack cocaine guidelines, he is eligible for a reduced

sentence).  Because Harris received a non-guideline sentence, and his sentence was

not based on the crack-cocaine guidelines, a further reduction would not be permitted

under the Amendment and would not be appropriate in the judgment of this court.

For the foregoing reasons, the court concludes that Harris is not eligible for resentencing.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 13th day of May, 2009.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge